IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No.

AMANDA SMITH, PAUL PRICE, HARUE
PRICE, EMIKO SMITH, ASHLEY
SAMUELS, MERRILL SAMUELS, JACK
HENDRIX, CYNTHIA THORNTON,
GARY BLAKE, SANDRA BLAKE,
JERMANRE GILLINS, CINDY GILLINS,
CHRISTINE WALKER, GENERAL
WALKER, RUTH WELCHABNEY,
STELLA STEWART, individually and as
personal representative of the estate of
HENRY TORRES, JR., VICTORIA
TORRES, JENNI WOOD, ERICA
TYNDALL, BRENDON ROSS, JC
RIDDLE, ALFREDIA RIDDLE, LINDA
KOTCH, TERRANCE KOTCH, PEGGY
WEBER, NANCY GRAHAM,
CHRISTOPHER GRAHAM, ITZY
RODRIGUEZ, DEBRA CALAGHAN,
BEVERLY BUTCHER, PAULINE
KWASNIEWSKI, JAMES
KWASNIEWSKI, REBECCA
KWASNIEWSKI, individually and as next
friend of H.V., ROBERT S. MONEY,
LEANN MONEY, GENE HARVEY,
DIANE DUMAS, JORDAN DUMAS,
TRAVIS DUMAS JR, MORGAN
GINTHER, CHRISTOPHER TORREZ,
MARIE KISER, MARY SCHOELKOPF,
individually and as next friend of W.S.,
JASON SCHOELKOPF, WENDY HOUTH,
WILLIAM HOUTH, BRITTANY HOUTH,
KAREN TURNELL, NORMAN
ALVAREZ, SHAWNA ALVAREZ, ERICA
JOHNSON, PATRICIA SCHAFFER,
ROSELIE CLARKE, MAK TAN LEBEAU,
PHILLIP LEBEAU, DANIEL RAEL-
MUSICK, PATRICIA MUSICK,
HEATHER MUSICK, JESSE BRAGG,

1

VERONICA BURKE, REGINA
WILLIAMS, STEVEN JOHNSON,
individually and as next friend of S.S.,
MIKALEN YOUNG,  individually and as
next friend of Z.T. and C.G., DIANE
JOHNSON, NUNO DESOUSA, WINDY
WEBER, JENNIFER ANAYA, RITO
MORENO, ADELINE LIPPINCOTT,
SHIRLEY GRINDOL, BENN SHER-ROD,
LORI PETERSEN, ESEDOR QUINTANA,
EMILY QUINTANA, HANNELORE
BELMORE, GEORGE BELMORE, NORA
WILLIAMS,  individually and as next friend
of J.W. and K.W., MALACHI GRAVES,
MYKHAEL GRAVES, PERSEIS GRAVES,
KALIAH WILLIAMS, JAZMENE
WILLIAMS, DON JOHNSON, JAY
TALLEY, DEBBIE DURAN, , ADAM
CANO, RALPH WOODS, TIMOTHY
HILKE, II, JACQUELINE HILKE,
individually and as next friend of T.H.,
ASHTON HILKE, ELIZABETH
CHRISTENSEN, PAUL CHRISTENSEN,
AUSTIN MATTHIAS, GLORIA PAYNE,
ANGELA PAYNE, individually and as next
friend of A.P., CYNTHIA BEERS,
STEPHEN BEERS, CHRISTA BACA-
CHAVEZ, individually and as next friend of
A.C., KYM CHAVEZ, CAROL
GLOMMEN, MERCEDES AMARO,
WILLIAM PERSING, DERRICK
D'MELLOW, MICHAEL GARBIZO,
individually and as next friend of A.L.G.,
MARIA GARBIZO, ELLEN BOLLENS,
ARTURO NAVA, CORY PROFFITT,
PAMELA SWEET, JERRY SWEET,
DANIEL MILANO, CATHERINE
MILANO, MARIANNE PAINE, THOMAS
PAINE, LARRY JOHNSON, SANTOS
HERNANDEZ, LESLIE THORNE,
THOMAS SKINNER, DONNA THORNE,
MAUREEN COX, individually and as next
friend of J.S. and S.S., RODNEY
STROMAN, JOSHUA COX, ASHLEY
COX, DANIEL LEVASSEUR, JAZMIN

2

ABREU, CESAR COLLADO,  individually
and as next friend of A.C., G.C., and L.C.,
MICHAEL WHEELER, HEATHER
WHEELER, GLORIA LOGGINS, LADY
THOMAS, SIDNEY THOMAS,
ZACHARIAH KRAKOFSKY, JOHN ACE,
SUN ACE, JOSHUA BEVINS,
GARNETTA BEVINS, , individually and as
next friend of P.B., E.H., and E.B., ADONIS
WALLACE, ALAN WALLACE,
individually and next friend of A.W. and
K.W., ISAIAH WALLACE, B. PRECIOUS
WALLACE, TYREECE AUGILLARD,
VERNA DORIESE MONTOYA, BIANCA
KRAKOFSKY, individually and next friend
of J.K., JENNIFER LITTLEPAGE, OTIS
LITTLEPAGE, RUTH NORMAN,
ROBERT WILLARD, REBECCA
WILLARD, FRANCISCO OQUENDO,
individually and as next friend of S.O,
MARK KIESELSTEIN, GERARDA
KIESELSTEIN, CLAUDIA POWELL,
KATHLEEN SMITH, LARRY SMITH,
KOREY SMITH, AMANDA TURNER,
JOYCE COOLEY, FRANCES LOUIS
COOLEY, VICTORIA FLAHERTY,
CORNELIUS FLAHERTY, ALICIA
FLAHERTY, SUSAN NORTHUP,
ERNESTINE TROTTER, SUSAN
BOHANON, MICHAEL HAMMOND,
MAX RUSHING, LYNETTE TRAHAN,
FLOYD TRAHAN, BEN MAXIE, STEVEN
NAVAKUKU, ZACHARY NAVAKUKU,
JODY NAVAKUKU, ANGELIKA
AUSTIN, WILLIAM AUSTIN, JOYCE
MCGREW, WALTER MCGREW, RENEE
GREENE, SHEILA GREENE, RAYMOND
GREENE,  individually and as next friend of
R.G.J., TERRY TRUJILLO, GILBERT
TRUJILLO, JR., DANNY HOLMES, AND
KAYE WOLFE.

*Plaintiffs*,

v.

3

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC.,  individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs, Amanda Smith, Paul Price, Harue Price, Emiko Smith, Ashley Samuels, Merrill
Samuels, Jack Hendrix, Cynthia Thornton, Gary Blake, Sandra Blake, Jermanre Gillins, Cindy
Gillins, Christine Walker, General Walker, Ruth Welchabney, Stella Stewart, individually and as
proposed representative of the estate of Henry Torres, Jr., Victoria Torres, Jenni Wood, Erica
Tyndall, Brendon Ross, JC Riddle, Alfredia Riddle, Linda Kotch, Terrance Kotch, Peggy Weber,
Nancy Graham, Christopher Graham, Itzy Rodriguez, Debra Calaghan, Beverly Butcher, Pauline
Kwasniewski, James Kwasniewski, Rebecca Kwasniewski, individually and next friend of H.V.,
Robert S. Money, Leann Money, Gene Harvey, Diane Dumas, Jordan Dumas, Travis Dumas Jr,
Morgan Ginther, Christopher Torrez, Marie Kiser, Mary Schoelkopf, individually and as next
friend of W.S., Jason Schoelkopf, Wendy Houth, William Houth, Brittany Houth, Karen Turnell,
Norman Alvarez, Shawna Alvarez, Erica Johnson, Patricia Schaffer, Roselie Clarke, Mak Tan
Lebeau, Phillip Lebeau, Daniel Rael-Musick, Patricia Musick, Heather Musick, Jesse Bragg,
Veronica Burke, Regina Williams, Steven Johnson, individually and as next friend of S.S.,

Mikalen Young, individually and as next friend of Z.T. and C.G., Diane Johnson, Nuno Desousa, Windy Weber, Jennifer Anaya, Rito Moreno, Adeline Lippincott, Shirley Grindol, Benn Sher-Rod, Lori Petersen, Esedor Quintana, Emily Quintana, Hannelore Belmore, George Belmore, Nora Williams, individually and as next friend of J.W. and K.W, Malachi Graves, Mykhael Graves, Perseis Graves, Kaliah Williams, Jazmene Williams, Don Johnson, Jay Talley, Debbie Duran, Adam Cano, Ralph Woods, Timothy Hilke, II, Jacqueline Hilke, individually and as next friend of T.H., Ashton Hilke, Elizabeth Christensen, Paul Christensen, Austin Matthias, Gloria Payne, Angela Payne, individually and as next friend of A.P., Cynthia Beers, Stephen Beers, Christa Baca-Chavez, individually and as next friend of A.C., Kym Chavez, Carol Glommen, Mercedes Amaro, William Persing, Derrick D'Mellow, Michael Garbizo, individually and as next friend of A.L.G., Maria Garbizo, Ellen Bollens, Arturo Nava, Cory Proffitt, Pamela Sweet, Jerry Sweet, Daniel Milano, Catherine Milano, Marianne Paine, Thomas Paine, Larry Johnson, Santos Hernandez, Leslie Thorne, Thomas Skinner, Donna Thorne, Maureen Cox, individually and as next friend of J.S. and S.S., Rodney Stroman, Joshua Cox, Ashley Cox, Daniel Levasseur, Jazmin Abreu, Cesar Collado, individually and as next friend of A.C., G.C., and L.C., Michael Wheeler, Heather Wheeler, Gloria Loggins, Lady Thomas, Sidney Thomas, Zachariah Krakofsky, John Ace, Sun Ace, Joshua Bevins, Garnetta Bevins, individually and as next friend of P.B., E.H., and E.B., Adonis Wallace, Alan Wallace, individually and next friend of A.W. and K.W., Isaiah Wallace, B. Precious Wallace, Tyreece Augillard, Verna Doriese Montoya, Bianca Krakofsky, individually and next friend of J.K., Jennifer Littlepage, Otis Littlepage, Ruth Norman, Robert Willard, Rebecca Willard, Francisco Oquendo, individually and as next friend of S.O., Mark Kieselstein, Gerarda Kieselstein, Claudia Powell, Kathleen Smith, Larry Smith, Korey Smith, Amanda Turner, Joyce Cooley, Frances Louis Cooley, Victoria Flaherty, Cornelius Flaherty, Alicia Flaherty, Susan Northup, Ernestine Trotter, Susan Bohanon, Michael Hammond, Max Rushing, Lynette Trahan, Floyd Trahan, Ben Maxie, Steven Navakuku, Zachary Navakuku, Jody Navakuku, Angelika Austin, William Austin, Joyce McGrew, Walter McGrew, Renee Greene, Sheila Greene, Raymond Greene, individually and as next friend of R.G.J., Terry Trujillo, Gilbert Trujillo, Jr., Danny Holmes, and Kaye Wolfe, by and through their undersigned counsel, hereby file this Complaint and Jury Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on

5

information and belief as to all other matters, as follows:

## **INTRODUCTION**

1.     The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado.

2.     The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3.     The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

4.     Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5.     The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6.     The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

7.     The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

8.     The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9.      On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10.     As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

13.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15.     It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16.     Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

17.     By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

18.     EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19.     Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

20.     These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.

[2] *Id.*

[3] *Id*.

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

21.     The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22.     Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

23.     The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

24.     The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25.     The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26.     The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27.     There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28.     The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado.

## Health Effects of PFOS and PFOA Exposure

29.     Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

30.     PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31.     The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32.     In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33.     In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing

product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34.    In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35.    The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

36.    According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37.    Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38.    On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39.    Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40.    The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty.   It has also acknowledged that some human studies show that increased exposure may

11

increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFF'S EXPOSURE AND DAMAGES

41.    Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

42.    Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

43.    Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury, property damage, and the diminution of property values due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

44.    The properties of the Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

45.    Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

46.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

47.     This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

## PARTIES

49.     Plaintiff Amanda Smith currently resides at 6710 Metropolitan Street. As a result of Amanda Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amanda Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

50.     Plaintiff Paul Price, individually and as parent and natural guardian of A.S., currently owns and resides at 6720 Goldfield Drive. As a result of Paul Price and A.S.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paul Price and A.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Paul Price has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

51.     Plaintiff Harue Price currently owns and resides at 6720 Goldfield Drive. As a result of Harue Price's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Harue Price has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

52.     Plaintiff Emiko Smith currently resides at 6720 Goldfield Drive. As a result of Emiko Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Emiko Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

53.     Plaintiff Merrill Samuels currently resides at 6720 Goldfield Drive. As a result of Merrill Samuels's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Merrill Samuels has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently

13

resides in or resided in El Paso County, Colorado.

54.    Plaintiff Jack Hendrix currently owns and resides at 6720 Metropolitan Street. As a result of Jack Hendrix's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jack Hendrix has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

55.    Plaintiff Cynthia Thornton currently owns and resides at 6720 Metropolitan Street. As a result of Cynthia Thornton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cynthia Thornton has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

56.    Plaintiff Gary Blake currently owns and resides at 6734 Ashland Place. As a result of Gary Blake's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gary Blake has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

57.    Plaintiff Sandra Blake currently owns and resides at 6734 Ashland Place. As a result of Sandra Blake's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandra Blake has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

58.    Plaintiff Jermanre Gillins currently owns and resides at 6735 Brook Forrest Drive. As a result of Jermanre Gillins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jermanre Gillins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

59.    Plaintiff Cindy Gillins currently owns and resides at 6735 Brook Forrest Drive 645 Legend Oak Drive. As a result of Cindy Gillins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cindy Gillins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

60.     Plaintiff Christine Walker currently owns and resides at 6735 Fielding Cir. As a result of Christine Walker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christine Walker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

61.     Plaintiff General Walker currently owns and resides at 6735 Fielding Circle. As a result of General Walker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, General Walker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

62.     Plaintiff Ruth Welchabney currently owns and resides at 6745 Blue River Way. As a result of Ruth Welchabney's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ruth Welchabney has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

63.     Plaintiff Victoria Torres currently resides at 675 Calle Entrada. As a result of Victoria Torres's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Victoria Torres has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

64.     Plaintiff Jenni Wood currently owns and resides at 6760 Harding St. As a result of Jenni Wood's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jenni Wood has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

65.     Plaintiff Erica Tyndall currently resides at 6763 Seneca Road. As a result of Erica Tyndall's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erica Tyndall has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

66.     Plaintiff Brendon Ross currently owns and resides at 6763 Seneca Road. As a result of Brendon Ross's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brendon Ross has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

67.     Plaintiff JC Riddle currently owns and resides at 6775 Chesterfield St. As a result of JC Riddle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, JC Riddle has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

68.     Plaintiff Alfredia Riddle currently owns and resides at 6775 Chesterfield St. As a result of Alfredia Riddle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alfredia Riddle has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

69.     Plaintiff Linda Kotch currently owns and resides at 6780 Blue River Way. As a result of Linda Kotch's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Kotch has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

70.     Plaintiff Terrance Kotch currently owns and resides at 6780 Blue River Way. As a result of Terrance Kotch's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Terrance Kotch has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

71.     Plaintiff Peggy Weber currently resides at 6786 Ashland Place. As a result of Peggy Weber's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Peggy Weber has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

72.     Plaintiff Nancy Graham currently owns and resides at 679 Seawell Dr. As a result of Nancy

16

Graham's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nancy Graham has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

73.     Plaintiff Christopher Graham currently owns and resides at 679 Seawell Drive. As a result of Christopher Graham's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Graham has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

74.     Plaintiff Itzy Rodriguez currently resides at 679 Seawell Drive. As a result of Itzy Rodriguez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Itzy Rodriguez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

75.     Plaintiff Debra Calaghan currently resides at 68 Security Blvd. As a result of Debra Calaghan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debra Calaghan has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

76.     Plaintiff Beverly Butcher currently owns and resides at 6805 Harding Street. As a result of Beverly Butcher's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Beverly Butcher has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

77.     Plaintiff Pauline Kwasniewski currently owns and resides at 6815 Corn Tassle Drive. As a result of Pauline Kwasniewski's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pauline Kwasniewski has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

78.     Plaintiff James Kwasniewski currently owns and resides at 6815 Corn Tassle Drive. As a

result of James Kwasniewski's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Kwasniewski has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

79.     Plaintiff Rebecca Kwasniewski, individually and as parent and natural guardian of H.V., currently resides at 6815 Corn Tassle Dr. As a result of Rebecca Kwasniewski and H.V.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rebecca Kwasniewski and H.V. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

80.     Plaintiff Robert S. Money currently owns and resides at 6820 Metropolitan Street. As a result of Robert S. Money's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert S. Money has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Testicular Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

81.     Plaintiff Leann Money currently owns and resides at 6820 Metropolitan Street. As a result of Leann Money's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Leann Money has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

82.     Plaintiff Gene Harvey currently owns and resides at 6825 Kipling St. As a result of Gene Harvey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gene Harvey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

83.     Plaintiff Diane Dumas currently owns and resides at 6829 Ancestra Dr. As a result of Diane Dumas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Diane Dumas has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County,

Colorado.

84.     Plaintiff Jordan Dumas currently owns and resides at 6829 Ancestra Drive. As a result of Jordan Dumas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jordan Dumas has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

85.     Plaintiff Travis Dumas Jr currently owns and resides at 6829 Ancestra Drive. As a result of Travis Dumas Jr's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Travis Dumas Jr has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

86.     Plaintiff Morgan Ginther currently resides at 6840 Conquistador Court. As a result of Morgan Ginther's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Morgan Ginther has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Abnormality. The Plaintiff currently resides in or resided in El Paso County, Colorado.

87.     Plaintiff Christopher Torrez currently resides at 6840 Conquistador Court. As a result of Christopher Torrez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Torrez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

88.     Plaintiff Marie Kiser currently resides at 6840 Conquistador Court. As a result of Marie Kiser's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marie Kiser has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

89.     Plaintiff Mary Schoelkopf, individually and as parent and natural guardian of W.S., currently owns and resides at 6840 Conquistador Court. As a result of Mary Schoelkopf and W.S.'s

exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Schoelkopf and W.S. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Mary Schoelkopf has been diagnosed with Pregnancy Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

90.     Plaintiff Jason Schoelkopf currently owns and resides at 6840 Conquistador Court. As a result of Jason Schoelkopf's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jason Schoelkopf has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

91.     Plaintiff Wendy Houth currently owns and resides at 6840 Fountain Vista Circle. As a result of Wendy Houth's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Wendy Houth has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

92.     Plaintiff William Houth currently owns and resides at 6840 Fountain Vista Circle. As a result of William Houth's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Houth has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

93.     Plaintiff Brittany Houth currently resides at 6840 Fountain Vista Circle. As a result of Brittany Houth's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brittany Houth has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

94.     Plaintiff Karen Turnell currently owns and resides at 6846 Millbrook Cir. As a result of Karen Turnell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Karen Turnell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Hypertension; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

95.     Plaintiff Norman Alvarez currently owns and resides at 6855 Arctic Place. As a result of Norman Alvarez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Norman Alvarez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

96.     Plaintiff Shawna Alvarez currently owns and resides at 6855 Arctic Place 8190 Birdsall Road. As a result of Shawna Alvarez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shawna Alvarez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

97.     Plaintiff Erica Johnson currently resides at 6855 Fountain Vista Circle. As a result of Erica Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erica Johnson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

98.     Plaintiff Patricia Schaffer currently owns and resides at 6855 Kipling Street. As a result of Patricia Schaffer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Schaffer has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

99.     Plaintiff Roselie Clarke currently owns and resides at 6865 Kipling Street. As a result of Roselie Clarke's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roselie Clarke has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

100.     Plaintiff Mak Tan Lebeau currently owns and resides at 6865 Metropolitan St. As a result of Mak Tan Lebeau's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mak Tan Lebeau has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

101.     Plaintiff Phillip Lebeau currently resides at 6865 Metropolitan St. As a result of Phillip Lebeau's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phillip Lebeau has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

102.     Plaintiff Daniel Rael-Musick currently owns and resides at 6872 Sullivan Ave. As a result of Daniel Rael-Musick's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Rael-Musick has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

103.     Plaintiff Patricia Musick currently owns and resides at 6872 Sullivan Avenue. As a result of Patricia Musick's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Musick has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

104.     Plaintiff Heather Musick currently resides at 6872 Sullivan Avenue. As a result of Heather Musick's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Heather Musick has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

105.     Plaintiff Jesse Bragg currently owns and resides at 6877 Metropolitan Street. As a result of Jesse Bragg's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jesse Bragg has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

106.     Plaintiff Veronica Burke currently resides at 6877 Metropolitan Street. As a result of Veronica Burke's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Veronica Burke has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

107.     Plaintiff Regina Williams currently resides at 6877 Metropolitan Street As a result of

22

Regina Williams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Regina Williams has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

108.    Plaintiff Steven Johnson, individually and as parent and natural guardian of S.S., currently resides at 6885 Red Deer Point Apt 102. As a result of Steven Johnson and S.S.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Johnson and S.S. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and Steven Johnson has been diagnosed with High Cholesterol; Kidney Cancer; Ulcerative Colitis. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

109.    Plaintiff Mikalen Young, individually and as parent and natural guardian of Z.T. and C.G., currently resides at 6885 Red Deer Point Apt 102. As a result of Mikalen Young, Z.T. and C.G.,'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mikalen Young, Z.T. and C.G., have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Mikalen Young has been diagnosed with Ulcerative Colitis. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

110.    Plaintiff Diane Johnson currently owns and resides at 6886 Millbrooke Circle. As a result of Diane Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Diane Johnson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

111.    Plaintiff Nuno Desousa currently owns and resides at 6887 Fielding Circle. As a result of Nuno Desousa's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nuno Desousa has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

112.    Plaintiff Windy Weber currently owns and resides at 6887 Fielding Circle. As a result of Windy Weber's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply,

Windy Weber has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

113.     Plaintiff Jennifer Anaya currently owns and resides at 6890 Snead Street. As a result of Jennifer Anaya's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jennifer Anaya has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

114.     Plaintiff Rito Moreno currently owns and resides at 6895 Defoe Ave. As a result of Rito Moreno's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rito Moreno has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

115.     Plaintiff Adeline Lippincott currently owns and resides at 6895 Defoe Avenue. As a result of Adeline Lippincott's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Adeline Lippincott has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

116.     Plaintiff Shirley Grindol currently resides at 69 Easy St. As a result of Shirley Grindol's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shirley Grindol has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

117.     Plaintiff Benn Sher-Rod currently owns and resides at 6902 Cattlemans Trail. As a result of Benn Sher-Rod's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Benn Sher-Rod has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

118.     Plaintiff Lori Petersen currently owns and resides at 6902 Cattlemens Trail. As a result of

Lori Petersen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lori Petersen has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems; Testicular Cancer; Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

119.    Plaintiff Esedor Quintana currently owns and resides at 6907 Reunion Circle. As a result of Esedor Quintana's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Esedor Quintana has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

120.    Plaintiff Emily Quintana currently owns and resides at 6907 Reunion Circle. As a result of Emily Quintana's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Emily Quintana has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

121.    Plaintiff Hannelore Belmore currently owns and resides at 6910 Silverheels Ct. As a result of Hannelore Belmore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Hannelore Belmore has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

122.    Plaintiff George Belmore currently resides at 6910 Silverheels Ct 6865 Metropolitan St. As a result of George Belmore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, George Belmore has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

123.    Plaintiff Nora Williams, individually and as parent and natural guardian of J.W. and K.W., currently owns and resides at 6911 Millbrook Lane. As a result of Nora Williams, J.W. and K.W.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nora Williams, J.W. and K.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in

or resided in El Paso County, Colorado.

124.    Plaintiff Malachi Graves currently resides at 6911 Millbrook Lane. As a result of Malachi Graves's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Malachi Graves has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

125.    Plaintiff Mykhael Graves currently resides at 6911 Millbrook Lane. As a result of Mykhael Graves's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mykhael Graves has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

126.    Plaintiff Perseis Graves currently resides at 6911 Millbrook Lane. As a result of Perseis Graves's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Perseis Graves has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

127.    Plaintiff Don Johnson currently owns and resides at 6915 Cattlemans Trail. As a result of Don Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Don Johnson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

128.    Plaintiff Jay Talley currently owns and resides at 6915 Cattlemans Trail. As a result of Jay Talley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jay Talley has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

129.    Plaintiff Adam Cano currently resides at 6915 Fielding Circle 723 Daffodil St. As a result of Adam Cano's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Adam Cano has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

130.     Plaintiff Ralph Woods currently owns and resides at 6915 Fielding Circle. As a result of Ralph Woods's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ralph Woods has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

131.     Plaintiff Timothy Hilke, II currently owns and resides at 6918 Alliance Loop. As a result of Timothy Hilke, II's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Timothy Hilke, II has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

132.     Plaintiff Jacqueline Hilke, individually and as parent and natural guardian of T.H., currently owns and resides at 6918 Alliance Loop. As a result of Jacqueline Hilke and T.H.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jacqueline Hilke and T.H. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

133.     Plaintiff Ashton Hilke currently resides at 6918 Alliance Loop. As a result of Ashton Hilke's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ashton Hilke has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

134.     Plaintiff Elizabeth Christensen currently owns and resides at 6920 Silverheels Ct. As a result of Elizabeth Christensen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Christensen has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

135.     Plaintiff Paul Christensen currently owns and resides at 6920 Silverheels Ct. As a result of Paul Christensen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply,

Paul Christensen has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

136.    Plaintiff Austin Matthias currently resides at 6925 Grand Valley Drive. As a result of Austin Matthias's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Austin Matthias has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

137.    Plaintiff Gloria Payne currently owns and resides at 6935 Woodstock Street. As a result of Gloria Payne's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gloria Payne has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

138.    Plaintiff Angela Payne, individually and as parent and natural guardian of A.P., currently owns and resides at 6935 Woodstock Street. As a result of Angela Payne and A.P.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Payne and A.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

139.    Plaintiff Cynthia Beers currently owns and resides at 6940 Medicine Bow Ave. As a result of Cynthia Beers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cynthia Beers has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

140.    Plaintiff Stephen Beers currently resides at 6940 Medicine Bow Ave 6669 Provincial Drive. As a result of Stephen Beers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephen Beers has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

141.    Plaintiff Christa Baca-Chavez, individually and as parent and natural guardian of A.C., currently owns and resides at 6941 Ancestor Drive. As a result of Christa Baca-Chavez and A.C.'s exposure

to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christa Baca-Chavez and A.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Christa Baca-Chavez has been diagnosed with High Cholesterol; Thyroid Problems. A.C. has been diagnosed with Asthma. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

142.     Plaintiff Kym Chavez currently owns and resides at 6941 Ancestor Drive 2039 Chamberlin S. As a result of Kym Chavez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kym Chavez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

143.     Plaintiff Carol Glommen currently owns and resides at 6945 Sugar Creek Cir. As a result of Carol Glommen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carol Glommen has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

144.     Plaintiff Mercedes Amaro currently resides at 6946 Village Meadows Drive. As a result of Mercedes Amaro's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mercedes Amaro has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

145.     Plaintiff William Persing currently owns and resides at 6946 Village Meadows Drive. As a result of William Persing's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Persing has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

146.     Plaintiff Derrick D'Mellow currently owns and resides at 6948 Maram Way. As a result of Derrick D'Mellow's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Derrick D'Mellow has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

147.    Plaintiff Michael Garbizo, individually and as parent and natural guardian of A.L.G., currently owns and resides at 6955 Burrowback Ave. As a result of Michael Garbizo and A.L.G.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Garbizo and A.L.G. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Michael Garbizo has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

148.    Plaintiff Maria Garbizo currently resides at 6955 Burrowback Ave, 345 Fleming Street. As a result of Maria Garbizo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maria Garbizo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

149.    Plaintiff Ellen Bollens currently owns and resides at 6965 Blue River Way. As a result of Ellen Bollens's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ellen Bollens has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

150.    Plaintiff Arturo Nava currently owns and resides at 6970 Woodstock Street. As a result of Arturo Nava's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Arturo Nava has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

151.    Plaintiff Cory Proffitt currently owns and resides at 6980 Goldfield Drive. As a result of Cory Proffitt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cory Proffitt has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

152.    Plaintiff Pamela Sweet currently owns and resides at 6980 Roaring Springs Lane. As a result of Pamela Sweet's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pamela Sweet has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

153.     Plaintiff Jerry Sweet currently owns and resides at 6980 Roaring Springs Lane. As a result of Jerry Sweet's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jerry Sweet has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's bloodThe Plaintiff currently resides in or resided in El Paso County, Colorado.

154.     Plaintiff Daniel Milano currently owns and resides at 6985 Blue River Way. As a result of Daniel Milano's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Milano has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

155.     Plaintiff Catherine Milano currently owns and resides at 6985 Blue River Way. As a result of Catherine Milano's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Catherine Milano has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

156.     Plaintiff Marianne Paine currently owns and resides at 6990 Kipling Street. As a result of Marianne Paine's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marianne Paine has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

157.     Plaintiff Thomas Paine currently owns and resides at 6990 Kipling Street. As a result of Thomas Paine's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Paine has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

158.     Plaintiff Larry Johnson currently resides at 70 Hayes Dr. As a result of Larry Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Larry Johnson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

159.     Plaintiff Santos Hernandez currently owns and resides at 70 Watson Blvd. As a result of

Santos Hernandez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Santos Hernandez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

160.     Plaintiff Leslie Thorne currently resides at 700 Crest Drive, Apt. C13. As a result of Leslie Thorne's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Leslie Thorne has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

161.     Plaintiff Thomas Skinner currently resides at 700 Crest Drive, Lot C7. As a result of Thomas Skinner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Skinner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

162.     Plaintiff Donna Thorne currently resides at 700 Crest Drive. As a result of Donna Thorne's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Thorne has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

163.     Plaintiff Maureen Cox, individually and as parent and natural guardian of J.S. and S.S., currently resides at 700 Del Brook Dr. As a result of Maureen Cox, J.S. and S.S.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maureen Cox, J.S. and S.S. has elevated levels of PFOA, PFOS, and/or PFCs in their blood and S.S. has been diagnosed with Asthma. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

164.     Plaintiff Rodney Stroman currently resides at 700 Del Brook Dr. As a result of Rodney Stroman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rodney Stroman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

165.    Plaintiff Joshua Cox currently resides at 700 Del Brook Drive. As a result of Joshua Cox's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Cox has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

166.    Plaintiff Ashley Cox currently resides at 700 Del Brook Drive. As a result of Ashley Cox's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ashley Cox has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

167.    Plaintiff Daniel Levasseur currently resides at 701 Harlan Street, Apt. E14. As a result of Daniel Levasseur's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Levasseur has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

168.    Plaintiff Jazmin Abreu currently owns and resides at 7010 Ancestra Drive. As a result of Jazmin Abreu's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jazmin Abreu has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

169.    Plaintiff Cesar Collado, individually and as parent and natural guardian of A.C., G.C., and L.C., currently owns and resides at 7010 Ancestra Drive 6360 Tranters Creek Way. As a result of Cesar Collado, A.C., G.C., and L.C.,'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cesar Collado, A.C., G.C., and L.C.  have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

170.    Plaintiff Michael Wheeler currently owns and resides at 7010 Silverheels Ct. As a result of Michael Wheeler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Wheeler has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

171. Plaintiff Heather Wheeler currently owns and resides at 7010 Silverheels Ct. As a result of Heather Wheeler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Heather Wheeler has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

172. Plaintiff Gloria Loggins currently owns and resides at 7011 Cleaveland Court. As a result of Gloria Loggins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gloria Loggins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

173. Plaintiff Lady Thomas currently owns and resides at 7015 Caballero Avenue. As a result of Lady Thomas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lady Thomas has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

174. Plaintiff Sidney Thomas currently owns and resides at 7305 Willowdale Drive. As a result of Sidney Thomas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sidney Thomas has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

175. Plaintiff Zachariah Krakofsky currently resides at 7018 Cleveland Court. As a result of Zachariah Krakofsky's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Zachariah Krakofsky has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

176. Plaintiff John Ace currently owns and resides at 7020 Loveland Ter. As a result of John Ace's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Ace has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

34

177.    Plaintiff Sun Ace currently owns and resides at 7020 Loveland Ter. As a result of Sun Ace's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sun Ace has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

178.    Plaintiff Joshua Bevins currently owns and resides at 7021 Taft Ct. As a result of Joshua Bevins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Bevins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

179.    Plaintiff Garnetta Bevins, individually and as parent and natural guardian of P.B., E.H., and E.B., currently owns and resides at 7021 Taft Ct 529 Holly Drive. As a result of Garnetta Bevins, P.B., E.H., and E.B.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Garnetta Bevins, P.B., E.H., and E.B. have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and Garnetta Bevins has been diagnosed with Pregnancy Problems.. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

180.    Plaintiff Adonis Wallace currently owns and resides at 7025 Defoe Avenue. As a result of Adonis Wallace's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Adonis Wallace has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

181.    Plaintiff Alan Wallace, individually and as parent and next friend of A.W. and K.W., currently owns and resides at 7025 Defoe Avenue. As a result of Alan Wallace, A.W. and K.W.,'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alan Wallace, A.W. and K.W., have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and have been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

182.    Plaintiff Isaiah Wallace currently resides at 7025 Defoe Avenue. As a result of Isaiah Wallace's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Isaiah

Wallace has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

183.    Plaintiff B. Precious Wallace currently owns and resides at 7025 Defoe Avenue. As a result of B. Precious Wallace's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, B. Precious Wallace has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

184.    Plaintiff Tyreece Augillard currently resides at 7025 Defoe Avenue. As a result of Tyreece Augillard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tyreece Augillard has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

185.    Plaintiff Verna Doriese Montoya currently resides at 7028 Cleveland Court. As a result of Verna Doriese Montoya's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Verna Doriese Montoya has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

186.    Plaintiff Bianca Krakofsky, individually and as parent and natural guardian of J.K., currently owns and resides at 7028 Cleveland Court, Peyton, CO 80831. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bianca Krakofsky and J.K. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

187.    Plaintiff Jennifer Littlepage currently owns and resides at 7040 Kipling St. As a result of Jennifer Littlepage's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jennifer Littlepage has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

188.    Plaintiff Otis Littlepage currently owns and resides at 7040 Kipling St. As a result of Otis Littlepage's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Otis Littlepage has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

189.    Plaintiff Ruth Norman currently resides at 7057 Alegre Circle. As a result of Ruth Norman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ruth Norman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

190.    Plaintiff Robert Willard currently owns and resides at 706 Grand Boulevard. As a result of Robert Willard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Willard has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

191.    Plaintiff Rebecca Willard currently resides at 706 Grand Boulevard. As a result of Rebecca Willard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rebecca Willard has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

192.    Plaintiff Francisco Oquendo, individually and as parent and natural guardian of S.O., currently owns and resides at 7060 Roaring Springs Avenue. As a result of Francisco Oquendo and S.O.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Francisco Oquendo and S.O. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

193.    Plaintiff Mark Kieselstein currently owns and resides at 7069 Woodstock Street. As a result of Mark Kieselstein's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Kieselstein has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County,

Colorado.

194.     Plaintiff Gerarda Kieselstein currently owns and resides at 7069 Woodstock Street. As a result of Gerarda Kieselstein's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gerarda Kieselstein has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

195.     Plaintiff Claudia Powell currently owns and resides at 707 Greenbush Drive. As a result of Claudia Powell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Claudia Powell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

196.     Plaintiff Kathleen Smith currently owns and resides at 7071 Creek Front Drive. As a result of Kathleen Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathleen Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

197.     Plaintiff Larry Smith currently owns and resides at 7071 Creek Front Drive. As a result of Larry Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Larry Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

198.     Plaintiff Korey Smith currently resides 7071 Creek Front Drive. As a result of Korey Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Korey Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

199.     Plaintiff Amanda Turner currently owns and resides at 7075 Sugar Creek Circle. As a result of Amanda Turner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amanda Turner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

200.    Plaintiff Joyce Cooley currently resides at 709 Blossom Field Rd. As a result of Joyce Cooley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joyce Cooley has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Testicular Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

201.    Plaintiff Frances Louis Cooley currently resides at 709 Blossom Field Rd 325 S. Brule. As a result of Frances Louis Cooley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frances Louis Cooley has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

202.    Plaintiff Victoria Flaherty currently owns and resides at 709 E Ohio Ave. As a result of Victoria Flaherty's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Victoria Flaherty has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

203.    Plaintiff Cornelius Flaherty currently owns and resides at 709 E Ohio Ave. As a result of Cornelius Flaherty's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cornelius Flaherty has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

204.    Plaintiff Alicia Flaherty currently resides at 709 E Ohio Ave. As a result of Alicia Flaherty's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alicia Flaherty has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Kidney Cancer; Thyroid Abnormality; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

205.    Plaintiff Susan Northup currently owns and resides at 709 Harvard Street. As a result of Susan Northup's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susan Northup has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

206. Plaintiff Ernestine Trotter currently resides at 7115 Railroad Avenue. As a result of Ernestine Trotter's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ernestine Trotter has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Testicular Cancer; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

207. Plaintiff Susan Bohanon currently resides at 7115 Railroad Avenue. As a result of Susan Bohanon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susan Bohanon has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

208. Plaintiff Michael Hammond currently owns and resides at 7120 Franconia Dr. As a result of Michael Hammond's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Hammond has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

209. Plaintiff Max Rushing currently resides at 7125 Alegre Circle, Apt. 4. As a result of Max Rushing's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Max Rushing has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

210. Plaintiff Lynette Trahan currently owns and resides at 7125 Gershwin Ct. As a result of Lynette Trahan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lynette Trahan has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

211. Plaintiff Floyd Trahan currently owns and resides at 7125 Gershwin Ct. As a result of Floyd Trahan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Floyd

Trahan has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

212.    Plaintiff Ben Maxie currently resides at 7125 Prado Drive. As a result of Ben Maxie's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ben Maxie has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

213.    Plaintiff Steven Navakuku currently owns and resides at 7125 Tilden St. As a result of Steven Navakuku's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Navakuku has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

214.    Plaintiff Zachary Navakuku currently owns and resides at 7125 Tilden St. As a result of Zachary Navakuku's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Zachary Navakuku has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

215.    Plaintiff Jody Navakuku currently owns and resides at 7125 Tilden Street. As a result of Jody Navakuku's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jody Navakuku has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

216.    Plaintiff Angelika Austin currently owns and resides at 713 Drew Drive. As a result of Angelika Austin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angelika Austin has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

217.    Plaintiff William Austin currently owns and resides at 713 Drew Drive. As a result of William Austin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Austin has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been

diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

218.     Plaintiff Joyce McGrew currently owns and resides at 7130 Woody Creek Drive. As a result of Joyce McGrew's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joyce McGrew has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

219.     Plaintiff Walter McGrew currently owns and resides at 7130 Woody Creek Drive. As a result of Walter McGrew's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Walter McGrew has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

220.     Plaintiff Renee Greene currently resides at 7136 Cliffrose Drive. As a result of Renee Greene's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Renee Greene has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

221.     Plaintiff Sheila Greene currently owns and resides at 7136 Cliffrose Drive 7445 Farmcrest Road. As a result of Sheila Greene's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sheila Greene has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

222.     Plaintiff Raymond Greene, individually and as parent and natural guardian of R.G.J. currently owns and resides at 7136 Cliffrose Drive 61 Security Blvd. As a result of Raymond Greene and R.G.J.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Raymond Greene and R.G.J. has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

223.     Plaintiff Terry Trujillo currently resides at 7140 Alegre Circle Apt 4. As a result of Terry Trujillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Terry Trujillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides

in or resided in El Paso County, Colorado.

224.    Plaintiff Gilbert Trujillo, Jr. currently resides at 7140 Alegre Circle. As a result of Gilbert Trujillo, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gilbert Trujillo, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

225.    Plaintiff Danny Holmes currently resides at 7140 Alegre Circle. As a result of Danny Holmes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danny Holmes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

226.    Plaintiff Kaye Wolfe currently owns and resides at 7140 Killington St. As a result of Kaye Wolfe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kaye Wolfe has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

## Defendants

227.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

228.    The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

229.    Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein,

and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

230.    Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

231.    3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

232.    3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

233.    Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

234.    Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as "TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

235.     Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is a North Carolina corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

236.     At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

237.     Defendant CHEMGUARD is a Wisconsin corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

238.     At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

239.     Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

240.     Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a North Carolina corporation having a principal place of business at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

241.     KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

45

242.     KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Connecticut corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

243.     KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

244.     Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

245.     Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

246.     Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

247.     Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

248.     Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

249.     WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

250.     KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

251.     Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

252.     Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

253.     KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

254.     UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

255.     Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

256.     UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

257.    NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

258.    At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

259.    AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

260.    AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

261.    AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

262.    Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

263.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

264.    Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

265.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

266.    In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

267.    The USAF uses 3% AFFF for its installations.

268.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

269.    3M was the only company to manufacture PFOS-containing AFFF.

270.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

271.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

272.    In 1947, 3M began producing PFOA via ECF.

273.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

49

274.    Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

275.    The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

276.    PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

277.    By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

278.    As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

279.    Early studies showed that PFCs accumulated in the human body and were toxic.

280.    3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

281.    3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

282.    Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

283.    In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

284.    Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

285.    Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

286.    These injuries can arise months or years after exposure to PFOA.

287.    As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

288.    Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

### AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.

289.    Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

290.    Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

291.    At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

292.    The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

293.    For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

294.    Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

295.    AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

296.    At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

297.    In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

298.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

299.    Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

**AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater**

300.    Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

301.    Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

302.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

303.    At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

304.    Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

305.    The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

306.    PFOA and PFOS are present in all Defendants' AFFF products.

307.    Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

308.    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

## MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY

309.    Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

54

310.    Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

311.    Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

312.    The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

313.    The market for AFFF is ascertainable through standard discovery means.

314.    It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

315.    Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## CONSPIRACY

316.    Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

55

317.    Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

318.    Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

319.    Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

320.    Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

321.    Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

322.    Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

323.    Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

324.    Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

325.    Using their considerable resources to fight PFOA and PFOS regulation; and

326.    Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

327.    As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

328.    Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

329.    Created the need for testing and monitoring of Plaintiffs' health for known adverse health effects of PFOA and PFOS;

330.    Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

331.    Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

332.    Diminished, and will continue to diminish, the values of Plaintiffs' properties due to past, actual, impending, or threatened contamination.

## CAUSES OF ACTION FOR INDIVIDUAL CLAIMS
## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

333.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

334.    This cause of action is brought pursuant to Colorado law.

335.     Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

336.     Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

337.     Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

338.     Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

339.     Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

340.     Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

341.     Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF would

contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

342.     Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

343.     Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

344.     Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

345.     The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

346.     As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

347.     Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

348.    Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

349.    Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

350.    As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

351.    Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

352.    As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

353.    Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

354.    Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

355.    Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

60

356.     Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

357.     Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

358.     Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

359.     Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

360.     Plaintiffs have expended and/or will be required to expend significant financial resources to test and monitor for the presence of latent diseases for many years because of Defendants' conduct.

361.     Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

362.     Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

363.    Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the difference between the current value of their properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, including the need for medical monitoring as an element of damages, and actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

## AS AND FOR A SECOND CAUSE OF ACTION: MEDICAL MONITORING

364.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

365.    This cause of action is brought pursuant to Colorado law.

366.    In Colorado, a claim for medical monitoring requires a Plaintiff to establish that: (1) Plaintiff has suffered a significant exposure to a hazardous substance through the tortious actions of defendant; (2) as a proximate result of this exposure, Plaintiff suffers from an increased risk of contracting a serious latent disease; (3) that increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial.

367.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of Fountain, Security, and Widefield, due to these communities' proximity to PAFB.

368.    Defendants knew or should have known that exposing humans to PFC-contaminated water would be hazardous to human health and the environment.

369.    Years of consuming PFC-contaminated water has exposed the Plaintiffs to PFOA, PFOS, and potentially other toxic substances as a result of the use, storage, and discharge of AFFF at PAFB.

370.    As alleged in this Complaint, given the persistence and bioaccumulative nature of PFOA and PFOS, PFOA and PFOS exposure leads to the bioaccumulation of PFOA and PFOS in the blood of humans exposed to water contaminated with PFOA and PFOS.

371.    Plaintiffs have suffered an injury due to the bioaccumulation of these hazardous substances in their blood.

372.    Furthermore, individuals with elevated levels of PFOA and PFOS in their blood, such as the Plaintiffs, are at a seriously increased risk of contracting numerous medical conditions, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

373.    Medical tests currently exist that can determine the level of PFOA and PFOS in the blood of an individual who has consumed PFOA- and PFOS- contaminated water.

374.    Given that exposure to and bioaccumulation of elevated levels of PFOA and PFOS in an individual's blood significantly increases the risk of contracting a serious medical condition, periodic medical examinations are both reasonable and necessary to detect latent diseases.

375.    A thorough medical monitoring plan, following common and accepted medical practices, can and should be developed for Plaintiffs to assist in the early detection and beneficial treatment of the diseases that can develop as a result of exposure to and bioaccumulation of PFOA and PFOS.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

376.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

377.     This cause of action is brought pursuant to Colorado law.

378.     As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

379.     Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

380.     Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

381.     AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

382.     Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

383.     Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS

in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

384.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

385.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

386.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

387.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

388.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

389.    Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

390.    Defendants' failure to warn was the direct and proximate result of the contamination, leading to the diminution in the value and marketability of the properties of the Plaintiffs. Plaintiffs have suffered the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

391.    As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

392.    As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

393.    As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

394.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

### AS AND FOR A FOURTH CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

395.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

396.    This cause of action is brought pursuant to Colorado law.

397.    By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

398.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

399.    The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

400.    Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

401.    These alternative designs and/or formulations were already available, practical, and technologically feasible.

402.    The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

403.    As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

404.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

405.    Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

406.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

407.     Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

408.     As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, the value and marketability of the Plaintiffs' property has been and will continue to be diminished. Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

409.     As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

410.     As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

411.     As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

412.     Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

413.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

414.     Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

415.   Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

416.   Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

417.   Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

418.   WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

419.   a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

420.   an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

421.   an order for an award of attorneys' fees and costs, as provided by law;

422.   an award of pre-judgment and post-judgment interest as provided by law; and

423.   an order for all such other relief the Court deems just and proper.

## JURY DEMAND

69

424.    Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 11, 2018                     Respectfully Submitted,


**MCDIVITT LAW FIRM**
/s/ Durant Davidson
Durant Davidson
Michael McDivitt
Kelly Hyman
19 East Cimarron Street
Colorado Springs, CO 80903
Telephone: (719) 471-3700
E-mail: mmcdivitt@mcdivittlaw.com
E-mail: khyman@mcdivittlaw.com

**NAPOLI SHKOLNIK, PLLC**
Hunter Shkolnik
Paul J. Napoli
Louise Caro
Tate J. Kunkle
Patrick J. Lanciotti
360 Lexington Avenue, Eleventh Floor
New York, NY 10017
Telephone: (212) 397-1000
E-mail: pnapoli@napolilaw.com
E-mail: hunter@napolilaw.com
E-mail: lcaro@napolilaw.com
E-mail: tkunkle@napolilaw.com
E-mail: planciotti@napolilaw.com